UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC SHIPPAM, an individual,
and WEB-BREEZE NETWORKS, LLC,

          NO. CIV. S-11-2800 LKK/GGH

       Plaintiffs,

    v.

             O R D E R

RAPID LINK, CORP., TELENATIONAL
COMMUNICATIONS, INC., SPOT
MOBILE, INTERNATIONAL, LTD.,
and DOES 1 through 100,
inclusive,

       Defendants.
_____/

    This diversity action arises from a dispute regarding a contract entered into between Plaintiff Web-Breeze Networks, LLC ("Web-Breeze") and Defendant Rapid Link, in which the assets of Web-Breeze would be sold to Rapid Link, in exchange for a $300,000 investment; and Plaintiff Eric Shippam, the sole owner and operator of Web-Breeze, would be employed for a period of three years by Defendant Telenational Communications, Inc. ("Telenational").

    Presently before the court is Defendant Rapid Link's motion to set aside default judgment, which Plaintiffs oppose.  Def's

1

1  Mot., ECF No. 13; Pls' Opp'n, ECF No. 14.  A hearing on this motion
2  was set for March 26, 2012, but due to unforseen circumstances, the
3  court canceled the hearing and took the matter under submission.

4                           **I. BACKGROUND**

5       On October 24, 2011, Plaintiffs Eric Shippam and Breeze
6  Networks, LLC, filed a complaint against Defendants under theories
7  including breach of contract, breach of the covenant of good faith
8  and fair dealing, fraud/deceit, negligent misrepresentation, and
9  nonpayment of wages.  Pls' Compl., ECF No. 1.  Plaintiff alleges,
10 <u>inter alia</u>, that: (1) Defendant Telenational terminated Plaintiff
11 Shippam's employment without cause and in violation of the
12 employment contract, and only later "manufactured several false
13 justifications for the termination"; (2) Rapid Link never invested
14 the $300,000 in Web-Breeze as required by the contract, "there was
15 no intent to fund the project, and the promise was made solely to
16 induce Web-Breeze and Shippam to sell all of the assets of Web-
17 Breeze"; and (3) Shippam was never paid for his work in preparing
18 two successful applications for grant money from the California
19 Public Utilities Commission.  <u>Id.</u> at 1-10.

20      According to the proof of service on file, Defendant Rapid
21 Link was served on November 1, 2011, and its answer was due on
22 November 22, 2011.  Summons Returned Executed, ECF No. 5, Ex. 1.
23 Specifically, the proof of service for Rapid Link indicates that
24 a copy of the summons and complaint were left with "Nancy
25 Morefield, Book Keeper" at "5408 N. 99th Street, Suite C," in
26 Omaha, Nebraska, by "Ray Allen."  <u>Id.</u> at 2.  The proof of service

                                    2

1    also indicates that a copy of the relevant documents were sent to

2    Rapid Link at "5408 N. 99th Street, Suite C" in Omaha, Nebraska,

3    via first class mail.  Id. at 3.

4         On December 14, 2011, Plaintiffs requested that the Clerk of

5    the Court enter default against Defendants Rapid Link and

6    Telenational "on the ground that said defendant has failed to

7    appear or otherwise respond to the complaint within the time

8    prescribed by the Federal Rules of Civil Procedure."  Pls' Reqs.,

9    ECF Nos. 6, 7.  On December 15, 2011, the Clerk of the Court

10   entered default against Rapid Link and Telenational.  Entry of

11   Default, ECF No. 8.

12        On February 22, 2012, Defendant Rapid Link filed the motion

13   to set aside default judgment presently before the court.  Def's

14   Mot., ECF No. 13.  Defendant argues that Plaintiff failed to serve

15   Rapid Link because, inter alia: (1) Nancy Morefield, the book

16   keeper who was served by Plaintiff, is an employee of Defendant

17   Telenational, and "was not then, nor ever, authorized to receive

18   service of process for Rapid Link"; (2) Plaintiff mailed a copy of

19   the summons and complaint to the same office address in Omaha,

20   Nebraska, where Ms. Morefield works; (3) Telenational was, at one

21   time, a wholly-owned subsidiary of Rapid Link, but on February 24,

22   2010, "Rapid Link spun off Telenational to a third party" and, as

23   of that date, the two companies "have had no corporate relationship

24   and are completely separate entities"; (4) on November 1, 2011,

25   Rapid Link maintained no offices and employed no personnel in

26   Omaha, Nebraska; (5) Rapid Link received no notice from

1   Telenational regarding Plaintiff's attempted service; and (6) Rapid

2   Link only learned that default judgment had been entered against

3   it when Plaintiff contacted a member of Rapid Link's board and

4   notified him of the same, at which time, Rapid Link promptly hired

5   counsel and filed the present motion to set aside default judgment.

6   Def's Mot., ECF No. 13, Ex. 1, at 2-3.

7        Plaintiffs "concede that technically service of process was

8   not accomplished," but argue, inter alia, that: (1) "information

9   on Rapid Link's agent for service of process did not appear to be

10  available through the California Secretary of State," even though

11  Rapid Link has "done business in California in the past"; (2)

12  "Plaintiff was able to discover an address for Rapid Link on the

13  internet" from a "Form 10-K that appeared to have been filed with

14  the Securities and Exchange Commission for the fiscal year ending

15  October 31, 2009," and "instructed his agent for service of process

16  to effectuate service of process at this address" in Omaha; (3) "on

17  December 2, 2011, Plaintiff's counsel wrote to Defendants' known

18  counsel [Carlos Mas] to inform him of the pending lawsuit against

19  his clients"; and (4) on or about December 6, 2011, Plaintiff's

20  counsel received an email from Carlos Mas, counsel for Spot Mobile,

21  the sole owner of Rapid Link, "indicating that his client(s)

22  refused to accept service of process by way of the correspondence

23  sent to him."[1]  Pls' Opp'n, ECF No. 14, at 1-2, Ex. 1, at 1-2.

24  _____

25       [1] he attached copy of the email sent from Carlos Mas to
    Jeffrey Fulton, counsel for Plaintiffs, in fact, states, "We are
26  in receipt of your correspondence dated December 2, 2011 regarding
    the above-referenced matter.  Please be advised that we are not

                                    4

1     In their reply, Defendants note that "Rapid Link filed
2 numerous reports since 2009 with the SEC that listed their current
3 principal office address," and that, "[h]ad plaintiff reviewed more
4 recent public filings, including the Form 10-Q filed on September
5 10, 2011 . . . he would have known where defendant's offices were
6 located."  Def's Reply, ECF No. 15, at 2.

7     **II. STANDARD FOR MOTION TO SET ASIDE ENTRY OF DEFAULT**

8     Federal Rule of Civil Procedure 55© provides the standard for
9 determining whether a motion to set aside an entry of default or
10 relief from a default judgment should be granted.  Rule 55©
11 provides that, for "good cause," the court may set aside an entry
12 of default and, if a judgment by default has been entered, may
13 likewise set it aside in accordance with Rule 60(b).
14 <u>See</u> Fed.R.Civ.P. 55©.  The standard for setting aside an entry of
15 default is less rigorous than the standard for setting aside a
16 default judgment.  <u>See</u> <u>Haw. Carpenters' Trust Funds v. Stone</u>, 794
17 F.2d 508, 513 (9th Cir. 1986).  "[W]hen default judgment has been
18 entered, Rule 55© refers to Rule 60(b), which provides that relief
19 from a final judgment may be granted only under specific
20 conditions."  <u>Id.</u>

21     The factors used when considering a motion to set aside an
22 entry of default or default judgment are: (1) whether the plaintiff
23 would be prejudiced if the judgment or entry of default is set

24

25 authorized to accept service with respect to this matter and we
26 cannot acknowledge that service is accepted by way of your
mailing."  Pls' Opp'n, ECF No. 14, Ex. 2, at 8.

1  aside; (2) whether the defendant has a meritorious defense; or (3)

2  whether defendant's culpable conduct led to the default.

3  See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375

4  F.3d 922, 925-26 (9th Cir. 2004); O'Connor v. Nevada, 27 F.3d 357,

5  364 (9th Cir. 1994). These factors are disjunctive, such that a

6  district court may deny a motion to set aside entry of default

7  based on any one of these three factors.   Franchise Holding, 375

8  F.3d at 926.   The moving party bears the burden of showing that

9  these factors weigh in favor of granting the motion to set aside

10 entry of default.   Id.

11      The Ninth Circuit has provided that "[d]efault judgments are

12 generally disfavored, and whenever it is reasonably possible, cases

13 should be decided upon their merits."   In re Hammer, 940 F.2d 524,

14 525 (9th Cir. 1991) (internal citations and quotations omitted).

15 In addition, "where a defendant seeks timely relief from the

16 judgment and has a meritorious defense, doubt, if any, should be

17 resolved in favor of the motion to set aside the judgment."   Id.

18                          **III. ANALYSIS**

19 **A. Prejudice to Plaintiffs**

20      Plaintiffs do not argue that they will suffer prejudice if the

21 entry of default is set aside.   The only apparent harm to be

22 suffered by Plaintiffs if the court sets aside the entry of default

23 would be delayed resolution of the case, which the Ninth Circuit

24 has explicitly found insufficient to constitute prejudice.

25 See United States v. Signed Personal Check No. 730 of Yubran S.

26 Mesle, 615 F.3d 1085, 1095 (9th Cir. 2010) ("To be prejudicial, the

1  setting aside of a judgment must result in greater harm than simply

2  delaying resolution of the case.") (internal citations omitted).

3  This factor, therefore, weighs in favor of setting aside entry of

4  default.

5  **B. Meritorious Defense**

6       "A defendant seeking to vacate a default judgment must present

7  specific facts that would constitute a defense.  But the burden on

8  the  party  seeking  to  vacate  a  default  judgment  is  not

9  extraordinarily heavy." Mesle, 615 F.3d at 1094 (citing TCI Group

10 Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001)).

11 All  that  is  necessary  to  satisfy  the  "meritorious  defense"

12 requirement is to allege sufficient facts that, if true, would

13 constitute a defense: "the question whether the factual allegation

14 [i]s true" is not to be determined by the court when it decides the

15 motion to set aside the default.  Id. (citing TCI Group, 244 F.3d

16 at 700).  Rather, that question "would be the subject of the later

17 litigation."  Id. (citing TCI Group, 244 F.3d at 700).

18      Here, Defendant Rapid Link has not presented facts that would

19 constitute a defense to the allegations set forth in Plaintiffs'

20 complaint.  Instead, Defendant argues that insufficient service,

21 in itself, is a meritorious defense which justifies the setting

22 aside of an entry of default.  The court agrees.

23      Because "[a] person is not bound by a judgment in a litigation

24 to which he or she has not been made a party by service of

25 process," Yniquez v. Arizona, 939 F.2d 727, 735 (9th Cir. 1991)

26 (internal citations omitted), a default judgment against a party

1  not properly served is considered void.  <u>See</u> <u>Mason v. Genisco Tech.</u>

2  <u>Corp.</u>, 960 F.2d 849, 851 (9th Cir. 1992).

3       A defendant moving to vacate default judgment for improper

4  service of process bears the burden to prove that he is entitled

5  to relief.  <u>S.E.C. v. Internet Solutions for Business, Inc.</u>, 509

6  F.3d 1161, 1166 (9th Cir. 2007).  A signed return of service

7  constitutes prima facie evidence of valid service which can be

8  overcome only by strong and convincing evidence.  <u>Id.</u> (citing

9  <u>O'Brien v. R.J. O'Brien & Associates, Inc.</u>, 998 F.2d 1394, 1398

10  (7th Cir. 1993)).

11      In this case, a signed return of service is on file indicating

12  that Rapid Link was properly served.  However, the court finds

13  persuasive the submitted declaration of Charles Zwebner, indicating

14  that Nancy Morefield was not an employee of Rapid Link, but was

15  instead an employee of Telenational; Rapid Link had no offices or

16  employees in Omaha, Nebraska at the time of the attempted service

17  of process; and Rapid Link received no notice from Telenational

18  regarding the attempted service of process.  <u>See</u> Def's Mot., ECF

19  No. 13, Ex. 2 (Zwebner Decl.).  Indeed, Plaintiffs concede that

20  "technically service of process was not accomplished."  Thus, the

21  court determines that this factor weighs heavily in favor of

22  setting aside the entry of default.

23  **C. Culpability of Defendant's Conduct**

24      A defendant's conduct is culpable if he has received actual

25  or constructive notice of the filing of the action and

26  *intentionally* failed to answer.  <u>Mesle</u>, 615 F.3d at 1092 (citing

1   <u>TCI Group</u>, 244 F.3d at 697).   In this context, the term

2   "intentionally" means that a movant cannot be treated as culpable

3   simply for having made a conscious choice not to answer; rather,

4   to treat a failure to answer as culpable, the movant must have

5   acted with bad faith, such as an "intention to take advantage of

6   the opposing party, interfere with judicial decisionmaking, or

7   otherwise manipulate the legal process." <u>Id.</u> (citing <u>TCI Group</u>,

8   244 F.3d at 697)).   The Ninth Circuit has "typically held that a

9   defendant's conduct was culpable for purposes of the [good cause]

10  factors where there is no explanation of the default inconsistent

11  with a devious, deliberate, willful, or bad faith failure to

12  respond."   <u>Id.</u> (citing <u>TCI Group</u>, 244 F.3d at 698)).

13      In this case, counsel for Defendant, Carlos Mas, received an

14  email from Plaintiff's counsel on December 2, 2011, in which Mr.

15  Mas was notified of the pending lawsuit against Rapid Link.   Mr.

16  Mas's response that he was "not authorized to accept service with

17  respect to this matter and . . . cannot acknowledge that service

18  is accepted by way of your mailing," does not indicate that Rapid

19  Link failed to respond due to bad faith, an intention to take

20  advantage of Plaintiffs, or any other devious motives.   Thus, this

21  factor weighs in favor of setting aside entry of default.

22      As all three factors in the "good cause" analysis for setting

23  aside an entry of default favor Rapid Link, the court grants

24  Defendant Rapid Link's motion to set aside the Clerk of the Court's

25  entry of default against Rapid Link, ECF No. 8.

26  ////

1

**IV. CONCLUSION**

2      For the foregoing reasons, the court GRANTS Defendant's

3 motion, ECF No. 13, to set aside the Clerk's entry of default, ECF

4 No. 8.

5      IT IS SO ORDERED.

6      DATED:  March 28, 2012.

7

8

9

LAWRENCE K. KARLTON

10                   SENIOR JUDGE
                     UNITED STATES DISTRICT COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26