UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC SHIPPAM, an individual,
and WEB-BREEZE NETWORKS, LLC,

        NO. CIV. S-11-2800 LKK/GGH

    Plaintiffs,

  v.

        O R D E R

RAPID LINK, CORP., TELENATIONAL
COMMUNICATIONS, INC., SPOT
MOBILE, INTERNATIONAL, LTD.,
and DOES 1 through 100,
inclusive,

    Defendants.
_____/

    This diversity action arises from a dispute regarding a contract entered into between Plaintiff Web-Breeze Networks, LLC ("Web-Breeze") and Defendant Rapid Link, in which the assets of Web-Breeze would be sold to Rapid Link, in exchange for a $300,000 investment; and Plaintiff Eric Shippam, the sole owner and operator of Web-Breeze, would be employed for a period of three years by Defendant Telenational Communications, Inc. ("Telenational").

    Presently before the court is Defendant Rapid Link's motion to set aside default judgment, which Plaintiffs oppose. Def's

1

Mot., ECF No. 13; Pls' Opp'n, ECF No. 14. A hearing on this motion was set for March 26, 2012, but due to unforseen circumstances, the court canceled the hearing and took the matter under submission.

## I. BACKGROUND

On October 24, 2011, Plaintiffs Eric Shippam and Breeze Networks, LLC, filed a complaint against Defendants under theories including breach of contract, breach of the covenant of good faith and fair dealing, fraud/deceit, negligent misrepresentation, and nonpayment of wages. Pls' Compl., ECF No. 1. Plaintiff alleges, inter alia, that: (1) Defendant Telenational terminated Plaintiff Shippam's employment without cause and in violation of the employment contract, and only later "manufactured several false justifications for the termination"; (2) Rapid Link never invested the $300,000 in Web-Breeze as required by the contract, "there was no intent to fund the project, and the promise was made solely to induce Web-Breeze and Shippam to sell all of the assets of Web-Breeze"; and (3) Shippam was never paid for his work in preparing two successful applications for grant money from the California Public Utilities Commission. Id. at 1-10.

According to the proof of service on file, Defendant Rapid Link was served on November 1, 2011, and its answer was due on November 22, 2011. Summons Returned Executed, ECF No. 5, Ex. 1. Specifically, the proof of service for Rapid Link indicates that a copy of the summons and complaint were left with "Nancy Morefield, Book Keeper" at "5408 N. 99th Street, Suite C," in Omaha, Nebraska, by "Ray Allen." Id. at 2. The proof of service

2

also indicates that a copy of the relevant documents were sent to Rapid Link at "5408 N. 99th Street, Suite C" in Omaha, Nebraska, via first class mail. Id. at 3.

On December 14, 2011, Plaintiffs requested that the Clerk of the Court enter default against Defendants Rapid Link and Telenational "on the ground that said defendant has failed to appear or otherwise respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure." Pls' Reqs., ECF Nos. 6, 7. On December 15, 2011, the Clerk of the Court entered default against Rapid Link and Telenational. Entry of Default, ECF No. 8.

On February 22, 2012, Defendant Rapid Link filed the motion to set aside default judgment presently before the court. Def's Mot., ECF No. 13. Defendant argues that Plaintiff failed to serve Rapid Link because, inter alia: (1) Nancy Morefield, the book keeper who was served by Plaintiff, is an employee of Defendant Telenational, and "was not then, nor ever, authorized to receive service of process for Rapid Link"; (2) Plaintiff mailed a copy of the summons and complaint to the same office address in Omaha, Nebraska, where Ms. Morefield works; (3) Telenational was, at one time, a wholly-owned subsidiary of Rapid Link, but on February 24, 2010, "Rapid Link spun off Telenational to a third party" and, as of that date, the two companies "have had no corporate relationship and are completely separate entities"; (4) on November 1, 2011, Rapid Link maintained no offices and employed no personnel in Omaha, Nebraska; (5) Rapid Link received no notice from

1  Telenational regarding Plaintiff's attempted service; and (6) Rapid
2  Link only learned that default judgment had been entered against
3  it when Plaintiff contacted a member of Rapid Link's board and
4  notified him of the same, at which time, Rapid Link promptly hired
5  counsel and filed the present motion to set aside default judgment.
6  Def's Mot., ECF No. 13, Ex. 1, at 2-3.

7  Plaintiffs "concede that technically service of process was
8  not accomplished," but argue, inter alia, that: (1) "information
9  on Rapid Link's agent for service of process did not appear to be
10 available through the California Secretary of State," even though
11 Rapid Link has "done business in California in the past"; (2)
12 "Plaintiff was able to discover an address for Rapid Link on the
13 internet" from a "Form 10-K that appeared to have been filed with
14 the Securities and Exchange Commission for the fiscal year ending
15 October 31, 2009," and "instructed his agent for service of process
16 to effectuate service of process at this address" in Omaha; (3) "on
17 December 2, 2011, Plaintiff's counsel wrote to Defendants' known
18 counsel [Carlos Mas] to inform him of the pending lawsuit against
19 his clients"; and (4) on or about December 6, 2011, Plaintiff's
20 counsel received an email from Carlos Mas, counsel for Spot Mobile,
21 the sole owner of Rapid Link, "indicating that his client(s)
22 refused to accept service of process by way of the correspondence
23 sent to him."[1]  Pls' Opp'n, ECF No. 14, at 1-2, Ex. 1, at 1-2.

---

[1] he attached copy of the email sent from Carlos Mas to Jeffrey Fulton, counsel for Plaintiffs, in fact, states, "We are in receipt of your correspondence dated December 2, 2011 regarding the above-referenced matter. Please be advised that we are not

4

1  In their reply, Defendants note that "Rapid Link filed
2 numerous reports since 2009 with the SEC that listed their current
3 principal office address," and that, "[h]ad plaintiff reviewed more
4 recent public filings, including the Form 10-Q filed on September
5 10, 2011 . . . he would have known where defendant's offices were
6 located." Def's Reply, ECF No. 15, at 2.

**II. STANDARD FOR MOTION TO SET ASIDE ENTRY OF DEFAULT**

Federal Rule of Civil Procedure 55© provides the standard for determining whether a motion to set aside an entry of default or relief from a default judgment should be granted. Rule 55© provides that, for "good cause," the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). See Fed.R.Civ.P. 55©. The standard for setting aside an entry of default is less rigorous than the standard for setting aside a default judgment. See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). "[W]hen default judgment has been entered, Rule 55© refers to Rule 60(b), which provides that relief from a final judgment may be granted only under specific conditions." Id.

The factors used when considering a motion to set aside an entry of default or default judgment are: (1) whether the plaintiff would be prejudiced if the judgment or entry of default is set

---

authorized to accept service with respect to this matter and we cannot acknowledge that service is accepted by way of your mailing." Pls' Opp'n, ECF No. 14, Ex. 2, at 8.

5

1  aside; (2) whether the defendant has a meritorious defense; or (3)
2  whether defendant's culpable conduct led to the default.
3  See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375
4  F.3d 922, 925-26 (9th Cir. 2004); O'Connor v. Nevada, 27 F.3d 357,
5  364 (9th Cir. 1994). These factors are disjunctive, such that a
6  district court may deny a motion to set aside entry of default
7  based on any one of these three factors. Franchise Holding, 375
8  F.3d at 926. The moving party bears the burden of showing that
9  these factors weigh in favor of granting the motion to set aside
10 entry of default. Id.
11      The Ninth Circuit has provided that "[d]efault judgments are
12 generally disfavored, and whenever it is reasonably possible, cases
13 should be decided upon their merits." In re Hammer, 940 F.2d 524,
14 525 (9th Cir. 1991) (internal citations and quotations omitted).
15 In addition, "where a defendant seeks timely relief from the
16 judgment and has a meritorious defense, doubt, if any, should be
17 resolved in favor of the motion to set aside the judgment." Id.
18                          **III. ANALYSIS**
19 **A. Prejudice to Plaintiffs**
20      Plaintiffs do not argue that they will suffer prejudice if the
21 entry of default is set aside. The only apparent harm to be
22 suffered by Plaintiffs if the court sets aside the entry of default
23 would be delayed resolution of the case, which the Ninth Circuit
24 has explicitly found insufficient to constitute prejudice.
25 See United States v. Signed Personal Check No. 730 of Yubran S.
26 Mesle, 615 F.3d 1085, 1095 (9th Cir. 2010) ("To be prejudicial, the

1  setting aside of a judgment must result in greater harm than simply
2  delaying resolution of the case.") (internal citations omitted).
3  This factor, therefore, weighs in favor of setting aside entry of
4  default.

**B. Meritorious Defense**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on the party seeking to vacate a default judgment is not extraordinarily heavy." Mesle, 615 F.3d at 1094 (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001)). All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. Id. (citing TCI Group, 244 F.3d at 700). Rather, that question "would be the subject of the later litigation." Id. (citing TCI Group, 244 F.3d at 700).

Here, Defendant Rapid Link has not presented facts that would constitute a defense to the allegations set forth in Plaintiffs' complaint. Instead, Defendant argues that insufficient service, in itself, is a meritorious defense which justifies the setting aside of an entry of default. The court agrees.

Because "[a] person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process," Yniquez v. Arizona, 939 F.2d 727, 735 (9th Cir. 1991) (internal citations omitted), a default judgment against a party

7

not properly served is considered void. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992).

A defendant moving to vacate default judgment for improper service of process bears the burden to prove that he is entitled to relief. S.E.C. v. Internet Solutions for Business, Inc., 509 F.3d 1161, 1166 (9th Cir. 2007). A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence. Id. (citing O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1398 (7th Cir. 1993)).

In this case, a signed return of service is on file indicating that Rapid Link was properly served. However, the court finds persuasive the submitted declaration of Charles Zwebner, indicating that Nancy Morefield was not an employee of Rapid Link, but was instead an employee of Telenational; Rapid Link had no offices or employees in Omaha, Nebraska at the time of the attempted service of process; and Rapid Link received no notice from Telenational regarding the attempted service of process. See Def's Mot., ECF No. 13, Ex. 2 (Zwebner Decl.). Indeed, Plaintiffs concede that "technically service of process was not accomplished." Thus, the court determines that this factor weighs heavily in favor of setting aside the entry of default.

**C. Culpability of Defendant's Conduct**

A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer. Mesle, 615 F.3d at 1092 (citing

8

TCI Group, 244 F.3d at 697). In this context, the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Id. (citing TCI Group, 244 F.3d at 697)). The Ninth Circuit has "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. (citing TCI Group, 244 F.3d at 698)).

In this case, counsel for Defendant, Carlos Mas, received an email from Plaintiff's counsel on December 2, 2011, in which Mr. Mas was notified of the pending lawsuit against Rapid Link. Mr. Mas's response that he was "not authorized to accept service with respect to this matter and . . . cannot acknowledge that service is accepted by way of your mailing," does not indicate that Rapid Link failed to respond due to bad faith, an intention to take advantage of Plaintiffs, or any other devious motives. Thus, this factor weighs in favor of setting aside entry of default.

As all three factors in the "good cause" analysis for setting aside an entry of default favor Rapid Link, the court grants Defendant Rapid Link's motion to set aside the Clerk of the Court's entry of default against Rapid Link, ECF No. 8.

////

**IV. CONCLUSION**

For the foregoing reasons, the court GRANTS Defendant's motion, ECF No. 13, to set aside the Clerk's entry of default, ECF No. 8.

IT IS SO ORDERED.

DATED: March 28, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

10