IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC SHIPPAM, et al.,

        Plaintiffs,                No. 2:11-cv-2800 LKK GGH

   v.

RAPID LINK CORP., et al.,

        Defendants.            <u>ORDER AND</u>
                                               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        This diversity action arises from a dispute regarding a contract entered into between plaintiff Web-Breeze Networks, LLC ("Web-Breeze") and defendant Rapid Link Corp. ("Rapid Link"), in which the assets of Web-Breeze would be sold to Rapid Link in exchange for the fact that plaintiff Eric Shippam ("Shippam"), the sole owner and operator of Web-Breeze, would be employed for a period of three years by defendant Telenational Communications, Inc. ("Telenational") and that defendants would invest $300,000 in a project on which plaintiff was to work at Telenational.

        Presently pending before the court is plaintiffs' motion for default judgment against Telenational, filed on April 16, 2012 and noticed for hearing on May 24, 2012. (Dkt. No.

1

20.) No opposition to the motion was filed. After reviewing the papers in support of the motion, the court concludes that oral argument would not be of material assistance in resolving the motion. Therefore, the May 24, 2012 hearing will be vacated and the motion will be decided on the papers submitted.

After considering the papers in support of the motion, the court's record in this matter, and the applicable law, the court now FINDS AS FOLLOWS:

BACKGROUND

On October 24, 2011, plaintiffs Shippam and Web-Breeze filed the instant action asserting claims of breach of contract, breach of the covenant of good faith and fair dealing, fraud/deceit, negligent misrepresentation, and nonpayment of wages against all defendants. (Complaint, Dkt. No. 1 ["Compl."].) In particular, plaintiffs allege that: (1) despite a written agreement to employ Shippam for at least 3 years (or upon termination without cause, pay Shippam severance equal to 70% of his salary for the time remaining under the contract), Telenational terminated Shippam without cause and "later manufactured several false justifications for the termination (Compl. ¶¶ 7-9); (2) Rapid Link never invested the $300,000 in the project Shippam was working on as required by the contract, "there was no intent to fund the project, and the promise was made solely to induce Web-Breeze and Shippam to sell all of the assets of Web-Breeze" (Compl. ¶ 10); and (3) defendants never paid Shippam for work preparing two successful applications for grant money from the California Public Utilities Commission. (Compl. ¶ 11.)

According to the proof of service on file, Telenational was served with process on October 31, 2011. (Dkt. No. 5.) When Telenational failed to respond to the complaint, plaintiffs requested entry of default as to Telenational on December 14, 2011. (Dkt. No. 7.)[1] The next day,

---

[1] That same day, plaintiffs also requested entry of default as to Rapid Link, which the clerk of court entered on December 15, 2011. However, Rapid Link thereafter filed a motion to set aside the default, which the district judge granted on March 29, 2012, finding that Rapid Link

on December 15, 2011, the clerk entered Telenational's default. (Dkt. No. 8.) The instant motion for default judgment against Telenational was thereafter filed on April 16, 2012. (Dkt. No. 20.)

DISCUSSION

In considering plaintiffs' motion, the court "must first assess the adequacy of service of process on the party against whom default is requested." Muhammad v. California, 2011 WL 873151, at *10 (N.D. Cal. Mar. 11, 2011). Here, the proof of service indicates that plaintiffs' process server served the process documents on Telenational's "agent for service of process," Diane Kalinowski (V.P. Incorp Services, Inc.), at 5716 Corsa Avenue, Suite 110, Westlake Village, CA 91362 on October 31, 2011 at 9:25 a.m. (Dkt. No. 5 at 2.) However, according to the California Secretary of State's business records, Telenational is based in Omaha, Nebraska (as alleged in the complaint), its status in California was "forfeited," and its agent for service of process resigned on October 3, 2011. See http://kepler.sos.ca.gov/cbs.aspx. Given that Telenational ceased to have an agent for service of process in California as of October 3, 2011, plaintiffs could not have effectuated service of process on Telenational in California via any authorized agent on October 31, 2011. Moreover, there is no evidence before the court that Ms. Kalinowski even passed on the service papers to Telenational in Nebraska. Therefore, the court concludes that Telenational has not been properly served with process.

Fed. R. Civ. P. 55(c) provides that a court "may set aside an entry of default for good cause...." Additionally, a court may do so sua sponte when service of process was improper. Muhammad, 2011 WL 873151, at * 11. Indeed, that is the most prudent course of action, because a default judgment against a person not properly served with process is considered void. Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1992). For these reasons, the court will recommend that the clerk's entry of default against Telenational be

---

was not properly served with process. (Dkt. No. 17.)

set aside and that plaintiffs' motion for default judgment against Telenational be denied without prejudice as premature.

Furthermore, the court notes that, even if service of process on Telenational were proper, entry of default judgment against Telenational in this multi-defendant case would likely be inappropriate. See Fed. R. Civ. P. 54 (b) ("When an action presents more than one claim for relief...or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). Here, all of plaintiffs' claims are brought against all defendants, and plaintiffs essentially allege that defendants conspired to defraud plaintiffs to obtain Web-Breeze's assets without any intent to follow through on their promises. As such, at least based on the present record, it appears that there is a potential for inconsistent determinations regarding liability and damages as between the defendants if a default judgment against Telenational were presently entered, for example, if Rapid Link were later found not liable. See Frow v. De La Vega, 82 U.S. (15 Wall.) 552, 21 L. Ed. 60 (1872) (involving a single alleged joint fraud and resulting in inconsistent adjudications as to liability)[2]; see also Gulf Coast Fans v. Midwest Elec. Importers, 740 F.2d 1499, 1512 (11th Cir. 1984) ("even when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits"). This consideration further militates against entry of a default judgment against Telenational at this stage of the litigation.

CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The May 24, 2012 hearing on plaintiffs' motion for default judgment against Telenational Communications, Inc. is VACATED.

---

[2] Frow involved a conspiracy by several defendants to defraud one plaintiff of title to real property. Default judgment was entered against one defendant, although the others prevailed on the merits. The Court found this result "unseemly and absurd, as well as unauthorized by law." 82 U.S. at 554.

4

1  IT IS ALSO HEREBY RECOMMENDED that:

2  1. The clerk's entry of default as to defendant Telenational Communications, Inc. (dkt. no. 8) be SET ASIDE; and

2. Plaintiffs' motion for default judgment against defendant Telenational Communications, Inc. (dkt. no. 20) be DENIED WITHOUT PREJUDICE as service has not been effectuated and the motion is premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 21, 2012

       <u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

GGH/wvr
Shippam.2800.default.fr.wpd