UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC SHIPPAM, an individual,
and WEB-BREEZE NETWORKS, LLC,

        NO. CIV. S-11-2800 LKK/GGH

    Plaintiffs,

  v.

        O R D E R

RAPID LINK, CORP., TELENATIONAL
COMMUNICATIONS, INC., SPOT
MOBILE, INTERNATIONAL, LTD.,
and DOES 1 through 100,
inclusive,

    Defendants.

_____/

    This court previously granted Jeffrey D. Fulton's motion for leave to withdraw as counsel of record for Plaintiffs. See Order, ECF No. 28.

    On August 8, 2012, this court granted Plaintiff Shippam one hundred and twenty (120) days to notify the court of replacement counsel, or if Plaintiff Shippam elects to proceed pro se. Id. The order cautioned Plaintiff that failure to notify the court may result in dismissal of this case for lack of prosecution. Id. at 5. The 120 days has now expired and Plaintiff has not notified the

1

court of his new counsel or whether he elects to proceed without counsel.

A district court may dismiss an action for Plaintiff's failure to prosecute or to comply with the Federal Rules of Civil Procedure or with a court order. Fed. R. Civ. P. 41(b). District courts must "weigh several factors in determining whether to dismiss this case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing <u>Ash v. Cvetkov</u>, 739 F.2d 493, 496 (9th Cir. 1984); <u>Mir v. Fosburg</u>, 706 F.2d 916, 918 (9th Cir. 1983)).

Plaintiff Shippam failed to appear or file an opposition or statement of non-opposition to his previous attorney of record's motion to withdraw as counsel; he failed to notify the court as to whether he retained new counsel or seeks to proceed pro se; a subsequent minute order issued by this court, continuing a status conference, was returned as undeliverable to Plaintiff Shippam; and Plaintiff Shippam failed to appear at a status conference held on January 28, 2013, before this court. The court finds that the following factors weigh in favor of dismissing this case: the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the availability of less drastic sanctions.

1  Accordingly, Plaintiff's action is DISMISSED without prejudice
2 for lack of prosecution.
3  IT IS SO ORDERED.
4  DATED: January 29, 2013.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3